UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOHN R. SMITH,

Petitioner,

v.

U.S.A. and CONSTANCE REESE,

Respondents.

Civil No. 01-2298 (DSD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1993, Petitioner pled guilty in the Western District of Texas to federal drug law violations. He was sentenced to 210 months in prison, and he is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota. (Petition, [Docket No. 1], p. 2, §§ 1-5.)

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED DEC 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

Following his guilty plea, Petitioner filed a direct appeal with the Fifth Circuit Court of Appeals, but that appeal was "dismissed." (Id., pp. 3-4, § 8.[2])

In 1995, Petitioner challenged his conviction and sentence in a motion brought in the trial court pursuant to 28 U.S.C. § 2255. There Petitioner argued that (i) his sentence "was imposed under a guideline that exceeded the sentencing commission's statutory authority," (ii) he received ineffective assistance of counsel, because his attorney did not challenge the validity of his sentence, (iii) he received ineffective assistance of counsel, because his attorney advised him to waive his right to appeal his sentence, and (iv) his sentence "was illegal because the district court failed to impose sentence in conformity with the law." (A copy of Petitioner's § 2255 motion is attached to his current Petition.) The trial court rejected all of Petitioner's contentions, and denied his § 2255 motion. (Petition, p. 5, § 11(c).)

Petitioner is once again attempting to challenge his conviction and sentence in his current § 2241 petition. He is presently claiming that (i) the trial court erred by imposing a sentence that did not reflect the proper "point reduction for guilty plea and accepting responsibility;" (ii) the trial court lacked jurisdiction over his criminal case because the "government did not cite... it's power or authority to prosecute under title 21 U.S.C. section 801;" (iii) the trial court erred by imposing a sentence based on "the unlawful stacking of career criminal provision[s];" and (iv) he received ineffective assistance of counsel at trial, because his attorney failed to raise any of the foregoing claims, (i.e., grounds (i), (ii) and (iii) of his current habeas petition). (Id., pp. 3-4, § 9.) The Court concludes, however, that

---

[2] No reference to Petitioner's appeal has been found on Westlaw, which suggests that the appeal may have been summarily denied, (perhaps because it was filed too late).

Petitioner cannot raise any of his current claims for relief in a § 2241 habeas corpus petition, and that the present action should be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly trying to overturn his original conviction and sentence. His present petition is therefore barred by § 2255's exclusive remedy rule.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255,

because he has already done so once before. Any § 2255 action that he might now attempt to pursue would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[3]

---

[3] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the instant Petitioner has not obtained a pre-authorization order from the Fifth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Furthermore, even if Petitioner were eligible for a pre-authorization order that would allow him to file a second § 2255 motion, it appears that any such motion would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[¶ 6]. For this additional reason, it would not be appropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

It appears that Petitioner may have deliberately elected to seek relief under the habeas corpus statute, believing that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his convictions in a habeas proceeding, because he is not presently eligible for relief under § 2255. Such reasoning, however, is clearly erroneous.

The rules barring successive § 2255 motions would be rendered meaningless if a prisoner whose claims were procedurally barred could simply argue that the remedy provided by § 2255 had become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition or some other form of action. Congress could not have intended for the rules governing successive § 2255

motions to be so easily evaded. It is therefore not surprising that our Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."

In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his federal criminal conviction and sentence, (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because of the rules governing successive § 2255 motions and because of the one-year statute of limitations; and (4) Petitioner's current ineligibility for § 2255 relief does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and the Court will recommend that the petition be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

Finally, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in

forma pauperis, ("IFP"). (Docket No. 3.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED for lack of jurisdiction.

Dated: December 18, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.